**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| LIVINGSTON ASSET MANAGEMENT, LLC<br>400 E. Pratt Street, 8th Floor<br>Baltimore, MD 21202<br><br>       Plaintiff<br>v.<br><br>QUANTUMSPHERE, INC.<br>2905 Tech Center Drive<br>Santa Ana, CA 92705<br><br>Serve on Resident Agent:<br>CSC SERVICES OF NEVADA, INC.<br>2215-B Renaissance Drive<br>Las Vegas, NV 89119<br><br>       Defendant | Case No.: |

COMPLAINT

Plaintiff, Livingston Asset Management, LLC, ("LIVINGSTON"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against QuantumSphere, Inc. ("QSIM"), and alleges:

1.    This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of securities in exchange for debt.

2.    This Court has jurisdiction over the parties hereto based on the Federal Statute.

3.    Venue is proper in the Northern District.

4. Defendant, QSIM is a publicly traded entity, domiciled in Nevada and headquartered in California, and conducting business in Maryland, which has the ability to issue securities under Section 3(a)(10).

5. In March of 2018, Plaintiff entered into a Claims Purchase Agreement with Gregory Hrncir, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $20,434.11 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit A. Among other things, Exhibit A sets Maryland as the Venue for any action related thereto.

6. In March of 2018, Plaintiff entered into a Claims Purchase Agreement with Doug Reeves Marketing Consulting, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $1,600.00 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit B. Among other things, Exhibit B sets Maryland as the Venue for any action related thereto.

7. In March of 2018, Plaintiff entered into a Claims Purchase Agreement with Ballard Spahr, LLP, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $9,395.51 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to

this Assignor are attached hereto and incorporated by reference herein as Exhibit C. Among other things, Exhibit C sets Maryland as the Venue for any action related thereto.

8. In April of 2018, Plaintiff entered into a Claims Purchase Agreement with Lucosky Brookman, LLP, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $34,033.75 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit D. Among other things, Exhibit D sets Maryland as the Venue for any action related thereto.

9. In March of 2018, Plaintiff entered into a Claims Purchase Agreement with Squar Milner, LLP, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $11,750.00 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit E. Among other things, Exhibit E sets Maryland as the Venue for any action related thereto.

10. In March of 2018, Plaintiff entered into a Claims Purchase Agreement with Fraxon Market Initiates, LLC, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $302,000.00 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as

Exhibit F.  Among other things, Exhibit F sets Maryland as the Venue for any action related thereto.

11. In May of 2018, Plaintiff entered into a Claims Purchase Agreement with Francis Poli, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $375,486.86 ("Claims").  A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit G.  Among other things, Exhibit G sets Maryland as the Venue for any action related thereto.

12. In April of 2018, Plaintiff entered into a Claims Purchase Agreement with Steve Gillings, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $15,000.00 ("Claims").  A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit H.  Among other things, Exhibit H sets Maryland as the Venue for any action related thereto.

13. In March of 2018, Plaintiff entered into a Claims Purchase Agreement with Heretic Advertising, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $850.00 ("Claims").  A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit I.  Among other things, Exhibit I sets Maryland as the Venue for any action related thereto.

14. In March of 2018, Plaintiff entered into a Claims Purchase Agreement with Mike Skochinski, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $4,700.00 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit J. Among other things, Exhibit J sets Maryland as the Venue for any action related thereto.

15. In March of 2018, Plaintiff entered into a Claims Purchase Agreement with Rief Media, Inc., a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $6,250.00 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit K. Among other things, Exhibit K sets Maryland as the Venue for any action related thereto.

16. In March of 2018, Plaintiff entered into a Claims Purchase Agreement with Hayden IR, LLC, a creditor of Defendant (an "Assignor"), whose claim against Defendant is past due and owing, in the amount of $20,000.00 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit L. Among other things, Exhibit L sets Maryland as the Venue for any action related thereto.

17. In March of 2018, Plaintiff entered into a Claims Purchase Agreement with William D. Collins d/b/a Biz Dev India, a creditor of Defendant (an "Assignor"), whose

claim against Defendant is past due and owing, in the amount of $13,980.25 ("Claims"). A copy of the Claims Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding documentation evidencing the debt owed by Defendant to this Assignor are attached hereto and incorporated by reference herein as Exhibit M. Among other things, Exhibit M sets Maryland as the Venue for any action related thereto.

18. On June 25, 2018, QSIM affirmed its indebtedness to the Assignors from whom LIVINGSTON acquired the Debts, and recognized the aforementioned Claims, thus acknowledging its indebtedness to LIVINGSTON, and the parties entered into a Settlement Agreement pursuant to Section 3(a)10, a copy of which attached hereto as Exhibit N. Among other things, Exhibit N sets Maryland as the Venue for any action related thereto.

19. LIVINGSTON's brokerage will not allow LIVINGSTON to deposit QSIM stock into its brokerage account in settlement of the Debts without a "federal court order" recognizing an exemption from registration under the Securities Act of 1933, despite the best efforts of QSIM to assist LIVINGSTON with the removal of restricted legends and/or the deposit of such common stock with LIVINGSTON's brokerage, such that it is impossible for LIVINGSTON to recoup its losses without relief under Section 3(a)(10).

20. As a direct and proximate result of the failure of QSIM to pay the Debts which are the subject of this Complaint, LIVINGSTON has been damaged.

21. QSIM's public securities filings detail its inability to repay LIVINGSTON using cash, and LIVINGSTON seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby QSIM would issue shares of its publicly traded common stock as payment for the debts owed to LIVINGSTON.

22. Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of debt for securities.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

Respectfully submitted,

_____/s/_____
*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)
400 E. Pratt Street, 8th Floor
Baltimore, Maryland 21202
(410) 429-7076 Tel
(888) 907-1740 Fax

*Attorney for Plaintiff*